IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VALERIE ROBINSON, on behalf of herself
and others similarly situated**                                                   **PLAINTIFFS**

**VS.**                                       **CIVIL ACTION NO. 3:10CV484-WHB-LRA**

**THE RENTAL STORE, INC.**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

THIS CAUSE came before the Court on February 22, 2011, before the undersigned United States Magistrate Judge. At that time, the parties announced that a settlement had been reached, with each party having agreed to the terms of the settlement. The case is a wage and hour action filed under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. Under the terms of that Act, the court must conduct a settlement fairness hearing to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." The undersigned conducted this hearing at the request of the parties and recommends that the settlement be approved.

The Plaintiff in this case is an hourly-paid employee (or former employee) of Defendant. She brought this suit seeking back wages and liquidated damages, plus her reasonable attorney's fees incurred in prosecuting the suit. Plaintiff claims that she is entitled to be paid overtime compensation at one and one-half times her regular rate of pay for each hour worked in excess of 40 hours in any workweek.

Defendant is an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), and has an annual business dollar volume of at least $500,000.00. The undersigned finds that there is a bona fide dispute as to whether Plaintiff, as a rental store manager, did work overtime, and if so, the amount of overtime she worked. For purposes of compromise, Defendant has admitted liability for a certain amount of back wages owed to her, and the parties have agreed to a certain amount of liquidated damages payable to her.[1] The lodestar method was used in determining the damages and the appropriate attorneys' fees to be paid. Defendant denied liability for any further wages or damages.

Because there was a bona fide dispute as to the legal issues and the defenses in this cause, the undersigned finds that the amount offered in settlement represent a fair and reasonable compromise of the claims and defenses involved. The undersigned further finds that this was an arms-length transaction resulting in settlement, and there is no evidence of either fraud or collusion.

The undersigned has also considered the amount of the attorneys' fees incurred in this cause. Defendant has agreed to pay a sum certain to Plaintiff's attorneys, and this sum represents the entire attorneys' fees and costs incurred by Plaintiff in this civil action. The undersigned finds that this sum is fair and reasonable and should be approved by the Court.

In light of these factors, it is recommended that the Court find the settlement constitutes a fair and reasonable resolution of a bona fide dispute of the FLSA issues in this

---

[1] The precise amounts to be paid are subject to the confidentiality agreements by the parties and are not set forth herein or in the docket of this cause.

case; approve the settlement; and, enter final judgment dismissing the action with prejudice, each party to bear its own costs.

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

THIS the 25th day of February, 2011.


      /s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE